UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RANDY LOSEE,

        Petitioner,

                                                          Case Number: 07-14421-BC
v.                                                    Honorable Thomas L. Ludington

DOUG VASBINDER,

        Respondent.
_____/

**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO APPOINT COUNSEL, GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME TO FILE REPLY, GRANTING PETITIONER'S MOTION FOR LEAVE TO AMEND OR SUPPLEMENT PETITION FOR WRIT OF HABEAS CORPUS, GRANTING PETITIONER'S MOTION TO ADD FIFTH HABEAS CLAIM, AND DIRECTING RESPONDENT TO FILE SUPPLEMENTAL ANSWER**

      Petitioner Randy Losee is currently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan, and has filed a pro se petition for a writ of habeas corpus. Petitioner challenges his convictions for furnishing alcohol to a minor and for third-degree criminal sexual conduct. The following motions filed by Petitioner are now before the Court: (1) motion to appoint counsel, (2) motion for extension of time to file response, (3) motion for leave to amend or supplement petition for writ of habeas corpus, and (4) motion to add fifth habeas claim.

      With respect to the first motion, Petitioner's motion for appointment of counsel, the interests of justice do not require appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of

counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.*

Counsel may be appointed, in exceptional cases, for a prisoner appearing pro se in a habeas action. *Id.* at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting pro se in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

In the present case, Petitioner has filed a petition for writ of habeas corpus, in which he raises four claims for relief, and seeks to add a fifth claim for relief. Petitioner has also filed a twelve-page brief in support of his petition. Petitioner therefore has the means and ability to present his claims to the court. Furthermore, until the Court reviews the pleadings and the Rule 5 materials filed in this case, the Court is unable to determine whether an evidentiary hearing is necessary or required. Thus, the Court will deny Petitioner's motion for appointment of counsel because the interests of justice at this point in time do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c). However, the Court will deny the motion without prejudice and is willing to reconsider the motion if, following review of the responsive pleadings and Rule 5 materials, the Court determines that appointment of counsel is necessary.

With respect to Petitioner's second motion, the motion for an extension of time to file a

reply, the Court will grant Petitioner forty-five days from the date of this order to file a reply brief.

In Petitioner's third and fourth motions, the motion for leave to amend or supplement the petition for writ of habeas corpus and the motion to add a fifth habeas claim, Petitioner seeks to add a claim of ineffective assistance of appellate counsel. An application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Under Federal Rule of Civil Procedure 15(a), a pleading may be amended after the filing of a responsive pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

The Sixth Circuit has identified the following factors a court should consider in deciding whether to permit an amendment:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (internal citations omitted). In this case, Respondent has not opposed Petitioner's motion to amend the petition, and Petitioner states that he was not intentionally dilatory in failing to include this claim in his original petition. Considering the relevant factors set forth by the Sixth Circuit, the Court finds that amendment is appropriate in this case. The petition is deemed to be amended, such that it now includes the ineffective assistance of counsel claim. Thus, the Court will require Respondent to file a supplemental answer addressing that claim.

Accordingly, it is **ORDERED** that Petitioner's motion for appointment of counsel [Dkt. # 9] is **DENIED WITHOUT PREJUDICE** and that Plaintiff's motion for extension of time to file reply [Dkt. # 9] is **GRANTED**. Plaintiff shall file a reply on or before **March 30, 2009**.

It is further **ORDERED** that Petitioner's motions for leave to amend or supplement petition for writ of habeas corpus [Dkt. # 10] and to add fifth habeas claim [Dkt. # 11] are **GRANTED**.

It is further **ORDERED** that Respondent is **DIRECTED** to **FILE** a supplemental answer addressing Petitioner's claim added by amendment on or before **March 30, 2009**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: February 12, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 12, 2009.

s/Tracy A. Jacobs  
TRACY A. JACOBS