UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RANDY LOSEE,

        Petitioner,                      Case Number 07-14421-BC
                                                     Honorable Thomas L. Ludington

v.

DOUG VASBINDER,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Petitioner Randy Losee is currently incarcerated at the Cotton Correctional Facility in Jackson, Michigan, and filed a pro se habeas corpus petition pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for furnishing alcohol to a minor and attempted third-degree criminal sexual conduct. Petitioner pleaded guilty to both offenses in Cass County Circuit Court. In exchange for the guilty plea, the prosecutor dismissed an additional charge of third-degree criminal sexual conduct. On November 18, 2005, Petitioner was sentenced to two days in the county jail for furnishing alcohol to a minor and twenty-three months to five years' imprisonment for attempted third-degree criminal sexual conduct.

In April 2006, Petitioner filed a motion for re-sentencing in the trial court, raising the following claims:

    I.      [Petitioner] is entitled to re-sentencing where the trial court failed to resolve [Petitioner's] challenge to the information underlying the scoring of OV 11 and then relied on the inaccurate information in sentencing, depriving [Petitioner] of his constitutional right to be sentenced on the basis of accurate information, U.S. Constitution, Amendments V, VI, XIV; Constitution 1963, Article 1, Sections 17, 20.

    II.    [Petitioner] is entitled to re-sentencing where the trial court relied on improperly scored guidelines; this error deprived [Petitioner] of his constitutional right to be sentenced on the basis of accurate information in violation of his rights under U.S. Constitution, Amendments V, VI, XIV; Constitution 1963, Article 1, Sections 17, 20.

    III.    [Petitioner] is entitled to re-sentencing where the trial court's opinion that the [Petitioner] is a danger, based on unsubstantiated information from the complainant's family as to [Petitioner's] alleged proclivity for "preying on young girls"; this error deprived [Petitioner] of his constitutional right to be sentenced on the basis of accurate information in violation of his rights under U.S. Constitution, Amendments V, VI, XIV; Constitution 1963, Article 1, Sections 17, 20.

    IV.    Trial counsel was constitutionally ineffective for failing to make the above challenges to variables; in addition to the one he made concerning OV 14 violating [Petitioner's] due process rights under U.S. Constitution, Amendments VI, XIV; Constitution 1963, Article 1, Sections 17, 20.

    V.    The sentence imposed and the guidelines calculations were not proved beyond a reasonable doubt, or admitted by [Petitioner] during his plea proceedings, violating [Petitioner's] due process rights under U.S. Constitution, Amendments V, VI, XIV; Constitution 1963, Article 1, Sections 17, 20.

The trial court denied the motion following a hearing.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, asserting the same claims that he raised in his motion for re-sentencing. The Michigan Court of Appeals denied leave to appeal. *People v. Losee*, No. 270665 (Mich. Ct. App. July 18, 2006). Petitioner, through counsel, filed an application for leave to appeal in the Michigan Supreme Court, asserting the first three claims that he had raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Losee*, No. 131894 (Mich. Nov. 29, 2006).

Petitioner then filed the pending petition for a writ of habeas corpus, raising the following claims:

I. Trial court violated Petitioner's constitutional rights by failing to resolve a challenge to the information used at sentencing being inaccurate.

II. Trial court relied on improperly scored guidelines when imposing sentence on Petitioner, depriving him of his constitutional right to be sentenced based on accurate information.

III. Trial court opinion that Petitioner is a danger to young girls violates his constitutional right to be sentenced on accurate and factual information.

IV. Trial counsel was ineffective at sentencing to the point of depriving Petitioner of his constitutional right to effective assistance of counsel.

For the reasons stated below, the petition for habeas corpus will be denied.

I

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume that state court factual determinations are correct. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme

Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410-11.

Where a claim is fairly presented in state court, but the state court, although denying the claim, fails to address it, a federal court on habeas review must conduct an independent review of the state court's decision. *Harris v. Stovall*, 212 F.3d 940 (6th Cir. 2000). This independent review requires the federal court to "review the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.* at 943. However, the independent review "is not a full, *de novo* review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." *Id.*

II

Petitioner's first three claims relate to sentencing. First, Petitioner contends that he was sentenced on the basis of inaccurate information because the trial court improperly scored offense variable 11 based upon two instances of sexual penetration, rather than one. Second, Petitioner contends that prior record variable 3 was incorrectly scored. Third, Petitioner contends that the state court's determination that he was a danger to young girls violated *Blakely v. Washington*, 542 U.S. 296 (1994).

A sentence violates due process when "it was carelessly or deliberately pronounced on an extensive and materially false foundation which the prisoner had no opportunity to correct."

*Draughn v. Jabe*, 803 F.Supp. 70, 80 (E.D. Mich. 1992), *aff'd,* 989 F.2d 499 (6th Cir. 1993) (citing *Townsend v. Burke*, 334 U.S. 736, 741 (1948)).  A sentence must be set aside where "the defendant can demonstrate that false information formed part of the basis for the sentence.  The defendant must show, first, that the information before the sentencing court was false, and, second, that the court relied on the false information in passing sentence."  *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir. 1988).

Further, the Supreme Court has long upheld the philosophy that, in sentencing a defendant, " 'the punishment should fit the offender and not merely the crime.' " *Roberts v. United States*, 445 U.S. 552, 556 (1980) (quoting *Williams v. New York*, 337 U.S. 241, 247 (1949)).  The Court has reaffirmed the " 'fundamental sentencing principle' that 'a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it came.' " *Id.* (quoting *Williams*, 337 U.S. at 250).  The Court, however, has held that a sentence imposed on the basis of " 'misinformation of constitutional magnitude' " violates due process.  *Id.* (quoting *United States v. Tucker*, 404 U.S. 443, 447 (1972)).

The Sixth Circuit Court of Appeals has held that a sentencing court need not limit itself to consideration of the crime for which a defendant is being sentenced in determining the severity of the sentence to be imposed.  *Potter v. Yukins*, 6 F. App'x 295, 296-97 (6th Cir. 2001); *see also United States v. Johnson*, 767 F.2d 1259, 1276 (8th Cir. 1985) (sentencing court may consider uncorroborated hearsay and criminal activity for which the defendant has not been prosecuted).  A petitioner may obtain habeas corpus relief on a claim that his sentence was based upon inaccurate information only if he shows "that the information in question was materially false and the trial court relied on it."  *Potter*, 6 F. App'x at 296.  Here, while Petitioner disagrees with the state court's

assessment and calculation of the offense and prior record variables, he has not demonstrated that the state court's calculations were based upon inaccurate information.

"[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). "[S]tate courts are the ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). "[A] claim that the trial court mis-scored offense variables in determining the state sentencing guidelines is not cognizable on habeas corpus review." *See Adams v. Burt*, 471 F. Supp. 2d 835, 844 (E.D. Mich. 2007); *see also Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999); *Thomas v. Foltz*, 654 F.Supp. 105, 106-07 (E.D. Mich. 1987). Therefore, to the extent that Petitioner's sentencing claims assert alleged violations of state law in the scoring of offense variable 11 and prior record variable 3, they are not cognizable on habeas corpus review.

Finally, Petitioner alleges that the trial court violated *Blakely v. Washington*, 543 U.S. 296 (2004), by sentencing him based upon facts not admitted by him or submitted to a jury. In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Michigan has an indeterminate sentencing system for most crimes, including those for which Petitioner was convicted. The maximum term of imprisonment is set by law. *People v. Drohan*, 715 N.W.2d 778, 789-90 (Mich. 2006).

In *Blakely*, the Supreme Court addressed indeterminate sentencing systems and held that such systems do not violate the Sixth Amendment. The Court explained:

> [The Sixth Amendment] limits judicial power only to the extent that the claimed judicial power infringes on the province of the jury. Indeterminate sentencing does

> not do so. It increases judicial discretion, to be sure, but not at the expense of the jury's traditional function of finding the facts essential to lawful imposition of the penalty. Of course indeterminate schemes involve judicial factfinding, in that a judge (like a parole board) may implicitly rule on those facts he deems important to the exercise of his sentencing discretion. But the facts do not pertain to whether the defendant has a legal right to a lesser sentence-and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned. In a system that says the judge may punish burglary with 10 to 40 years, every burglar knows he is risking 40 years in jail. In a system that punishes burglary with a 10-year sentence, with another 30 added for use of a gun, the burglar who enters a home unarmed is entitled to no more than a 10-year sentence-and by reason of the Sixth Amendment the facts bearing upon that entitlement must be found by a jury.

543 U.S. at 308-09.

Judicial factfinding may not be used to impose a sentence "beyond the prescribed statutory maximum." *Apprendi*, 530 U.S. at 490. In this case, the sentencing court did not exceed the statutory maximum for Petitioner's crimes. Therefore, the sentencing scheme did not run afoul of the Sixth Amendment. Because *Blakely* does not apply to indeterminate sentencing schemes like the one utilized in Michigan, the trial court's sentence did not violate Petitioner's constitutional rights. *See Tironi v. Birkett*, No. 06-1557, 2007 WL 3226198, at *1 (6th Cir. Oct. 26, 2007) ("*Blakely* does not apply to Michigan's indeterminate sentencing scheme."); *Minner v. Vasbinder*, 2007 WL 1469419, at *4 (E.D. Mich. May 21, 2007); *Chatman v. Lafler*, 2007 WL 1308677, at *2 (E.D. Mich. May 3, 2007); *Jones v. Bergh*, 2006 WL 1007602, at *1-2 (E.D. Mich. Apr. 17, 2006); *George v. Burt*, 2006 WL 156396, at *5 (E.D. Mich. Jan. 20, 2006); *Walton v. McKee*, 2005 WL 1343060, at *3 (E.D. Mich. June 1, 2005).

### III

In his final claim for habeas corpus relief, Petitioner argues that he was denied the right to the effective assistance of counsel. Petitioner contends that defense counsel was ineffective because he failed to object to the trial court's errors in calculating the sentencing guidelines score.

Respondent contends that this claim is unexhausted because it was not presented to the Michigan Supreme Court. A petitioner must exhaust his state court remedies prior to seeking federal habeas relief by fairly presenting the substance of each federal constitutional claim in state court. 28 U.S.C. §§ 2254(b)(1)(A) & 2254(c). A petitioner " 'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Tornik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993).

Nonetheless, a federal court may deny a habeas petition on the merits despite a petitioner's failure to exhaust state remedies for all his claims. 28 U.S.C. § 2254(b)(2); *see also Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991), cert. denied, 503 U.S. 922 (1992) (holding that the doctrine of exhaustion raises only federal-state comity concerns and is not a jurisdictional limitation of the power of the court). The Court concludes that this claim does not warrant habeas corpus relief. Accordingly, in the interests of efficiency and justice, the Court will address Petitioner's claim rather than dismiss the petition on the ground of failure to exhaust. *See* 28 U.S.C. § 2254(b)(2); *Cain*, 947 F.2d at 819 (holding that where an unexhausted federal constitutional claim is plainly meritless, "it would be a waste of time and judicial resources to require exhaustion").

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient, which "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that '[t]he proper

measure of attorney performance remains simply reasonableness under prevailing professional norms.' " *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Strickland*, 466 U.S. at 688) (further internal quotations omitted). However, when assessing counsel's performance, the reviewing court should afford counsel great deference. *Strickland*, 466 U.S. at 689 (observing that "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time" and that a convicted person who seeks to criticize his attorney's performance "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy' "). Second, a petitioner must show that counsel's deficient performance prejudiced petitioner. A petitioner may establish prejudice by "showing that counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.*

Here, Petitioner argues that his attorney was ineffective because he did not object to the scoring of offense variable 11 and prior record variable 3, which, Petitioner contends led to an improper guidelines calculation. The sentencing transcript shows that defense counsel objected to the scoring of offense variable 11. Therefore, this portion of Petitioner's ineffective assistance of counsel claim is contradicted by the record. Petitioner also contends that his attorney should have objected to the scoring of prior record variable 3. The scoring of prior record variable 3 was raised in Petitioner's motion for re-sentencing in the trial court. Following a hearing, the trial court concluded that prior record variable 3 was properly scored. Because the trial court denied Petitioner's argument in his motion for re-sentencing, Petitioner cannot show that he was prejudiced by counsel's failure to raise the issue at the sentencing hearing. Thus, Petitioner's ineffective

assistance of counsel claim will be denied.

IV

Based on the foregoing, the Court will deny the petition for a writ of habeas corpus. The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003).

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. The Court will also deny Petitioner leave to appeal in forma pauperis, because the appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [Dkt. # 1] is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**, and that Petitioner is **DENIED** leave to proceed in forma pauperis on appeal.

                                                   s/Thomas L. Ludington  
                                                   THOMAS L. LUDINGTON  
                                                   United States District Judge

Dated: November 30, 2009

> **PROOF OF SERVICE**
>
> The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 30, 2009.
>
>                                       s/Tracy A. Jacobs  
>                                       TRACY A. JACOBS